**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6520

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMATAVOUS REGTEZ COLLINS, a/k/a Red,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Sherri A. Lydon, District Judge.  (1:10-cr-00466-SAL-3)

Submitted:  December 9, 2024                     Decided:  December 17, 2024

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jenny D. Smith, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, for Appellant.  Adair F. Boroughs, United States Attorney, Christopher D. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamatavous Regtez Collins appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court determined that Collins had not presented extraordinary and compelling reasons warranting compassionate release; and even if his reasons were extraordinary and compelling, the 18 U.S.C. § 3553(a) factors weighed against release. On appeal, Collins acknowledges that the court considered his asserted reasons for release but argues that it erred by not considering them collectively and that its consideration of the § 3553(a) factors was also insufficient. We affirm.

"Pursuant to 18 U.S.C. § 3582, a court generally may not modify a sentence 'once it has been imposed.'" *United States v. Melvin*, 105 F.4th 620, 623 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)). "But a district court may reduce a sentence through a motion for compassionate release." *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)). We review the denial of a compassionate release motion for abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023).

"'In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion.'" *Id*. "Under this standard, 'this Court may not substitute its judgment for that of the district court.'" *United States v. Bethea,* 54 F.4th 826, 832 (4th Cir. 2022). We review a district court's interpretation of the scope of § 3582(c)(1)(A) de novo. *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that

2

such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

"The factors applicable to the determination of what circumstances can constitute an extraordinary and compelling reason for release from prison are complex and not easily summarized." *United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022). "[T]he inquiry is multifaceted and must take into account the totality of the relevant circumstances." *Id.* at 198. "Even if a district court abuses its discretion in assessing whether the defendant presents extraordinary and compelling reasons for release, this Court may still affirm if the district court's consideration of the § 3553(a) factors was sound." *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024). Moreover, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020).

"[I]n the Fourth Circuit, when evaluating the sufficiency of a sentencing court's explanation, there is a presumption that the district court sufficiently considered relevant factors in deciding a [compassionate release] motion." *Davis*, 99 F.4th at 658 (internal quotation marks omitted). "[T]he touchstone in assessing the sufficiency of the district court's explanation must be whether the district court set forth enough to satisfy our court that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Hargrove*, 30 F.4th at 199 (internal quotation marks omitted).

3

We have reviewed the record and Collins's appeal arguments, and we conclude that the district court did not err or abuse its discretion in denying his motion for compassionate release. The district court did not act arbitrarily or irrationally but rather followed statutory requirements, conducted the necessary analysis for exercising its discretion, and reasonably determined that even if Collins's asserted reasons were extraordinary and compelling, the § 3553(a) factors weighed against his compassionate release or a sentence reduction.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*